United States District Court
Southern District of Texas
**ENTERED**
November 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEADFAST 829 HOLDINGS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0905 |
| | § | |
| 2017 YALE DEVELOPMENT, LLC, | § | |
| *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

The Court **ORDERS** as follows:

A. <u>Plaintiff's Motions to Consolidate</u>

Plaintiff Steadfast 829 Holdings, Inc. ("Steadfast") filed two motions to strike and/or consolidate the defendants' various motions, place certain limitations on their anticipated future motions, and provide plaintiff more flexibility in its pleadings. (Docket Entries No. 75, 79.) Although bearing different titles, the two motions raise the same or similar arguments and request the same or similar relief. The Court denied the more recent motion on August 8, 2022. (Docket Entry No. 102, ¶ 13.) Accordingly, the Court **DENIES** the earlier motion (Docket Entry No. 75) for the same reasons set forth in the order of August 8, 2022.

The Court has entered a Docket Control Order in this case, which will govern the deadlines for discovery, dispositive motions, and other pleadings.

B. <u>Motions for Sanctions</u>

Defendant Lloyd E. Kelley and plaintiff Steadfast filed motions for sanctions against one another, raising numerous complaints as to actions and inactions taken by respective counsel in this lawsuit. (Docket Entries No. 128, 138.) The Court has reviewed these motions and their attached exhibits and finds that both of the motions advance instances of unacceptable unprofessional conduct on the part of respective counsel. The motions further reveal an on-going history of gamesmanship – if not outright animosity – between and among counsel, which has impeded the orderly prosecution of this lawsuit, increased litigation costs for all parties involved, and taxed this Court's already limited resources.

The overwhelming majority of the parties' current complaints could have been prevented had the parties' respective counsel complied with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the basic tenets of professional courtesy and common sense; *e.g.*, promptly returning telephone calls and emails, allowing adequate time to respond to certificate of conference requests, cooperating in the scheduling of depositions, seeking and agreeing to short extensions of time where warranted, exchanging clearly-labeled proposed documents in an expedient manner, and carefully reviewing pleadings and documents prior to filing.

In short, sanctions against any one party or counsel are not warranted, and the motions (Docket Entries No. 128, 138) are **DENIED**.

2

C.  Plaintiff's Motion to Extend/Stay Deadlines and Discovery

Plaintiff Steadfast states that its counsel of record, Christopher Ramey, is under a physician's care, was medically restricted from work as of September 1, 2022, and is on pain medication for kidney stones. Plaintiff further states that counsel was involved in a head-on collision with an 18-wheeler truck on October 19, 2022, and is dealing with medical treatment, lost work time, and insurance issues. At the time the motion was filed, counsel's paralegal was in the hospital. Plaintiff asks that the Court grant plaintiff an extension until December 16, 2022, to respond to defendants' pending motions to dismiss. (Docket Entry No. 147.)

The defendants filed responses to the motion. (Docket Entries No. 150, 153–159.) One or more defendants argue that, despite his alleged work restriction, Ramey filed "over 4,000 pages of pleadings and exhibits" throughout October 2022 in a pending Galveston lawsuit brought by one of the defendants in this case, *Fugedi v. United Rentals Inc.*, C.A. No. 3:19-CV-0249 (S.D. Tex.). They state that Ramey did not seek any stays, extensions, or continuances in that lawsuit. Defendants assert that, to the contrary, Ramey filed pleadings in *Fugedi* three days after his alleged head-on collision, indicating that he is able to work and file pleadings. The docket in *Fugedi* shows that Ramey filed a motion for summary judgment with numerous exhibits on November 4, 2022. Defendants also note that another lawyer in Ramey's office made an appearance in the instant case, and should be able to handle discovery and depositions if needed.

3

The Court agrees there is an unexplained disconnect between Ramey's assertions of unavailability in this case and his actions in *Fugedi*. Nevertheless, the Court **GRANTS** plaintiff an extension of time until **DECEMBER 16, 2022**, to file responses or replies to defendants' pending motions to dismiss and motions for summary judgment and partial summary judgment.

D.  Depositions

Plaintiff further complains that defendants are refusing to cooperate in scheduling and rescheduling depositions, and are improperly seeking to depose plaintiff's counsel (Ramey), corporate representative Adam Hruby, and third-party Hayden Wyatt. (Docket Entry No. 147.) Plaintiff contends that these depositions are sought for the purpose of harassment and intimidation. Plaintiff adds that Hruby is in the Navy and has been overseas (Italy) at various times since the Ukrainian conflict began. Plaintiff asks the Court to enter a protective order prohibiting defendants from deposing Ramey or Wyatt, and limiting the scheduling of Hruby's deposition.

Defendants deny plaintiff's contentions and/or inform the Court that they were not involved in the deposition discussions. (Docket Entries No. 150, 153–159.) The Court notes that Wyatt is named as a counter-defendant is this case and that Hruby has filed one or more affidavits in this lawsuit as a corporate representative for Steadfast. The Court **DENIES** plaintiff's request for a protective order as to Hruby and Wyatt. Plaintiff is **ORDERED**, within ten days from date of this order, to provide defendants with dates Hruby is available

4

for depositions during November–December 2022 and January 2023. The Court anticipates that the parties will cooperate in good faith with one another in scheduling these and other depositions. In order to reduce holiday and travel disruptions for counsel and witnesses, no depositions may be taken between December 23, 2022, and January 2, 2023, except upon written agreement of the parties.

Defendants fail to argue, much less demonstrate, good cause for deposing plaintiff's counsel in this case. The Court **GRANTS** plaintiff's request for a protective order as to Ramey, and **ORDERS** that defendants may not depose Ramey in this lawsuit without first obtaining authorization from the Court.

E. Discovery Stay

Plaintiff also asks the Court to stay all discovery pending ruling on its motion for partial summary judgment. (Docket Entry No. 147.) Plaintiff provides no justification for this request other than its belief that "uncontested evidence" establishes its right to judgment and that a stay "would help the Court and Parties reach efficient justice." (Docket Entry No. 147, p. 4.) The defendants oppose the motion. (Docket Entries No. 150, 153–159.)

The Court notes that this lawsuit has been on file for approximately eight months. As recently as last week, the parties filed countersuits and third party complaints, and summons were issued for new parties just days ago. Plaintiff's request to stay discovery at this time is unreasonable and unwarranted, and the request is **DENIED**.

### F. <u>Motions that are Moot</u>

Plaintiff's separate motions to extend deadlines as to defendants' motions to dismiss (Docket Entries No. 129, 140) are **DISMISSED AS MOOT**. The requested relief is subsumed under the instant order.

Plaintiff's motion for entry of order (Docket Entry No. 126) is **DISMISSED AS MOOT**. The Court entered a scheduling and docket control order on September 14, 2022.

### G. <u>Motions Carried with the Case</u>

The defendants ask this Court to declare plaintiff, plaintiff's counsel, and the "Steadfast Parties" vexatious litigants and to permanently restrain them from filing any further lawsuits against the defendants as to the property at 829 Yale without first seeking judicial authorization. (Docket Entries No. 31, 32, 33, 43, 74, 103.) One or more of the motions request various sanctions against plaintiff, plaintiff's counsel, and/or the "Steadfast Parties." Plaintiff opposes the motions. (Docket Entries No. 53, 80.)

To a great extent, the motions rely on pleadings, hearings, court rulings, communications, and other matters that transpired in earlier lawsuits and appeals involving the parties. To a lesser but equally salient extent, the motions rely on events and pleadings taking place in the instant lawsuit. Because this lawsuit remains pending, the Court declines to rule on the motions at this time. Rather, the Court will consider these motions at a later and more appropriate time, so that the Court may take into account the parties' prior and current litigation.

The defendants' motions (Docket Entries No. 31, 32, 33, 43, 74, 103) are **STAYED** until further order of the Court.

H.  Conclusion

1.  The following motions by docket entry number are **DENIED**: No. 75, No. 128, No. 138.

2.  The following motion by docket number is **GRANTED IN PART AND DENIED IN PART**: No. 147.

3.  The following motions by docket number are **DISMISSED AS MOOT**: No. 126, No. 129, No. 140.

4.  The following motions by docket number are **STAYED** until further order of the Court: No. 31, No. 32, No. 33, No. 43, No. 74, No. 103.

THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas, on this the 22nd day of November, 2022.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE