United States District Court
Southern District of Texas
**ENTERED**
April 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STEADFAST 829 HOLDINGS, INC.,        §
                                     §
    *Plaintiff*,                   §
                                     §
v.                                   §     CIVIL ACTION NO. H-22-0905
                                     §
2017 YALE DEVELOPMENT, LLC,          §
*et al.*,                            §
                                     §
    *Defendants*.                  §

## MEMORANDUM OPINION AND ORDER

Following the status conference held by the Court on March 6, 2024, the parties filed motions and notices to withdraw, dismiss, or cancel various pleadings and claims and for recovery of mandatory attorney's fees.  Having considered the motions and notices, the responses, the pleadings, matters of public record, and the applicable law, the Court **GRANTS IN PART**, **DENIES IN PART**, **DISMISSES IN PART**, and **STAYS AND ABATES IN PART** the motions and notices for the reasons explained below.

    A.    <u>Plaintiff's Rule 41(a)(2) Motion to Voluntarily Dismiss</u>

Plaintiff Steadfast 829 Holdings, Inc.[1] moves under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss all claims it has brought against any party in this lawsuit.

---

[1]Plaintiff inconsistently refers to itself as "Steadfast 829 Holdings, Inc." and "Steadfast 829 Yale Holdings, Inc." in its pleadings.  *See, e.g.*, Docket Entries No. 1, pp. 1, 13; No. 48, pp. 1, 14; No. 61, p. 1; No. 216; No. 342; No. 360; No. 361; No. 363; No. 364; No. 425.  Moreover, Marc Sherrin testified under penalty of perjury that he is "President of *Plaintiff, Steadfast 829 Holdings, Inc.*" (Docket Entry No. 425, Exhibit 13, emphasis added.)  Adding to the confusion, plaintiff also refers to itself as "Plaintiff the Steadfast Parties."  *See, e.g.*, Docket Entries No. 185–192; No. 194; No. 196–198.

(Docket Entry No. 475.) Plaintiff's motion does not include a proposed order setting forth the specific relief it requests as required by LR 7 of the Local Rules of the United States District Court for the Southern District of Texas and Rule 5(H) of the undersigned judge's Court Procedures. Despite this deficiency and the Court's repeated warnings to plaintiff that its motions must include proposed orders, the Court will consider the motion in the interest of justice.

Under Rule 41(a)(2), an action may be dismissed at a plaintiff's request only by court order and on terms that the court considers proper. "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2).

Defendants Norma Lopez (Docket Entries No. 483, 488), Margaret Parker, Brad Parker, Terry Fisher Allen Fisher, Assurance Home Warranty Group, LLC, KVAC Holding Company, LLC, Cityscape Rentals, LLC, and KVAC Holdings, LLC (Docket Entry No. 485), Pabeshan Castle LLC (Docket Entry No. 489), Michelle Fraga (Docket Entry No. 490), Edward Herman and the Law Offices of Edward Herman, PLLC (Docket Entry No. 491), and Donald Hubner and Stephanie Alvarez (Docket Entry No. 495) argue that the dismissal should be with prejudice. Plaintiff argues that the dismissal should be without prejudice because "[t]he substantive case against Lopez (and all Defendants) remains meritorious." (Docket Entry No. 486, ¶ 2.) Plaintiff's argument is disingenuous, as plaintiff has moved to voluntarily dismiss its case against the defendants.

This circuit has long recognized that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). That is, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (per curiam) (citing *In re FEMA Trailer*, 628 F.3d 157, 162 (5th Cir. 2010)). However, the prospect of a second lawsuit and the additional expense incurred in relitigating issues in another forum are insufficient for showing plain legal prejudice. *Elbaor*, 279 F.3d at 317 & n.3. The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Id.*; *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364 (4th ed. April 2023 Update) (same).

If a district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options: deny the motion or craft conditions that will cure the plain legal prejudice. *Elbaor*, 279 F.3d at 317–18. "Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice." *Id.* at 320.

An unconditional dismissal of plaintiff's action without prejudice in the instant case will cause plain legal prejudice to the defendants for the following five reasons: (1) the late stage of the proceedings; (2) plaintiff's seeking to avoid an imminent adverse ruling against it; (3) plaintiff's continuation of this lawsuit despite its admission that it had no right to pursue the claims; (4) multiplicity of current and potential future lawsuits raising the same claims against the same core parties; and (5) defendants' loss of defenses and counterclaims. As discussed below, these reasons show that dismissal with prejudice is necessary to cure the type of harm caused to the defendants in this instance.   The Court emphasizes that a conditional dismissal with prejudice is intended to address and remedy plain legal prejudice to the defendants, and not to sanction plaintiff.

### i.    Late stage of the proceedings

A review of the docket in this case shows that plaintiff has moved to dismiss the case at a very late stage of the proceedings.  Plaintiff commenced this action against thirty-seven defendants over two years ago.  A multitude of counterclaims, crossclaims, and third party claims followed, and the case has been zealously prosecuted and defended by the parties. Discovery has been on-going, including the taking of numerous depositions, and the parties have filed a profusion of motions to dismiss and for summary judgment with ensuing responses and replies.  Trial is currently set for April 22, 2024, and it is clear that the defendants have expended considerable time, effort, and resources in preparing this case for disposition or trial. *See Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903

F.2d 352, 360 (5th Cir. 1990) (noting that plaintiff did not seek dismissal until a late stage and defendants had exerted significant time and effort in the case).

Granting plaintiff's motion and dismissing this case with prejudice is warranted, as an unconditional dismissal without prejudice will cause the defendants plain legal prejudice.

ii.    *Avoidance of imminent adverse rulings*

It is further clear to the Court that plaintiff is moving to dismiss its lawsuit in order to avoid one or more imminent adverse rulings against it, including an order of sanctions. In July 2023,  counsel for plaintiff in this lawsuit filed two new actions raising substantially the same claims against a number of the instant defendants.  One lawsuit, styled *829 Yale Holdings, Inc. v. David Alvarez, et al.*, was filed in Denton County state court. The other lawsuit, *829 Yale Holdings, Inc. d/b/a Steadfast 829 Yale Holdings, Inc. v. Jetall Companies, Inc., et al.*, C.A. No. 2:23-CV-00188 (S.D. Tex.), was filed in the United States District Court for the Southern District of Texas, Corpus Christi Division.  The Denton County case was removed to federal court, ultimately transferred to the Corpus Christi Division, and consolidated with the Corpus Christi Division case. The consolidated case was recently transferred to this Court and remains pending under C.A. No. 24-0404.  Thus, in July 2023, counsel for plaintiff in the instant case was prosecuting three separate lawsuits (including the instant case) in three different courts throughout Texas seeking the same judicial relief against the same cohort of defendants on behalf of different corporate plaintiffs.

On October 11, 2023, plaintiff's counsel in the instant case represented to the Honorable David S. Morales in the Corpus Christi Division case that the plaintiff in that case – 829 Yale Holdings, Inc. d/b/a Steadfast 829 Yale Holdings, Inc. – is "the only plaintiff with any interest in these causes of action," thereby indicating that the plaintiff in the instant lawsuit has no interest in the claims. *See 829 Yale Holdings, Inc.*, C.A. No. 24-0404, Docket Entry No. 9, p. 10.[2] The undersigned judge was made aware of counsel's representation to Judge Morales during the March 6th hearing in the instant case. The Court was also aware at that time that counsel for plaintiff had simultaneously filed substantially the same lawsuit against a number of the same defendants in the Denton County state court case and that the Denton County case was consolidated with the Corpus Christi Division case, transferred to the Houston Division, and assigned to the undersigned judge on February 6, 2024.[3]

---

[2]Inexplicably, counsel for plaintiff in the instant lawsuit also represented to this Court in a pleading filed May 30, 2023, that plaintiff "Steadfast 829 Yale Holdings, Inc., owned the Property and all claims of the original Steadfast Lenders at the time of filing suit in March of 2022." (Docket Entry No. 334, p. 1.) Thus, counsel for plaintiff simultaneously represented to two different federal courts that two different corporations – 829 Yale Holdings, Inc. and Steadfast 829 Yale Holdings, Inc. – held the exclusive right to pursue the "Steadfast" claims.

[3]In his order of consolidation and transfer, Judge Morales opined that, "Plaintiff fails to show that this matter has any connection to the Corpus Christi Division whatsoever; instead, Plaintiff seems to file in this Court because its attempts to seek redress in other courts were unsuccessful or disposed of unfavorably." Judge Morales further stated that, "Plaintiff's only reason for filing its action in this Court is, in essence, to avoid having to deal with other courts." *829 Yale Holdings, Inc.*, C.A. 24-CV-0404, Docket Entry No. 78, pp. 2, 8. The Court does not at this time view counsel's actions as forum shopping; the Fifth Circuit has held that "the potential for forum shopping does not qualify as legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016). Rather, the Court here views these actions as causing plain legal prejudice to the defendants should this case be dismissed without prejudice.

Thus, the Court was aware, as of March 6, 2024, that counsel for plaintiff had filed and was prosecuting three different lawsuits for the same causes of action against a cohort of defendants prior to consolidation and transfer, and that counsel had informed Judge Morales in October 2023 that plaintiff in the instant lawsuit had no legal interest in the instant case. The Court was also aware that counsel for plaintiff continued to prosecute the instant lawsuit, despite counsel's representations that plaintiff had no interest in the lawsuit. Plaintiff here did not move to dismiss the case at that time or seek certification to appeal any adverse interlocutory rulings made by the Court. To the contrary, and to the defendants' detriment, counsel continued to juggle the multiple cases in apparent hope that one might prove fruitful.

The Court informed the parties at the March 6th hearing as follows:

Thank you all for your participation today. Let me say at the outset that throughout my judicial career, which is now almost 25 years, I've always disliked sanctions. I've imposed sanctions a grand total of five times in 25 years. So once every half a decade, I've imposed sanctions. My old colleague and friend Judge Thomas Gee told me early on, and I fully agree, sanctions are not a fair fight. The judge has all the power, and the lawyer has – has little, but occasionally they are not only important but unavoidable. And as I say, when I do enter sanctions, they're not of the variety – I've never entered a sanction of $25,000. That would be worth a stern talking to, but not a fine. My sanctions are for real.

I got one lawyer who was from one of the most prominent legal families in south Texas permanently disbarred. I once required plaintiff's counsel to pay the entirety of the legal fees of another – of the other side in what would have been a multi-year patent case. I dismissed another multi-year case outright, judgment with prejudice for the defendant, and suggested that the plaintiff's client – the client, now – their redress was – was recapture all their damages from their own lawyer.

So my – my sanctions are not of the modest variety. I need to do more analysis of this case, and I will, but *the way pleadings stand right now, I think this is a case for sanctions.*

*I'll give all the parties and lawyers two weeks, until March 20, 2024, to withdraw pleadings, dismiss adversaries, cancel discovery requests that are nonmeritorious. After that, sanctions will issue.* After that, I'm ready to decide the case against all parties and against all lawyers.

(Status Conference Hearing, March 6, 2024, emphasis added.)[4]  The pending notices and motions to withdraw, including plaintiff's Rule 41(b)(2) motion, were filed following the hearing.

In the pending Rule 41(b)(2) motion, plaintiff represents to the Court that it "does not exist" and "does not have standing or capacity to pursue claims and causes of action." (Docket Entry No. 475, ¶¶ 2–4.)  Plaintiff reaffirms these allegations in its related notice of withdrawal of pleadings, stating that, because it does not exist, "there is no existing party plaintiff or counter-defendant by that name, rendering all requested relief by or against Plaintiff/Counter-Defendant moot."  (Docket Entry No. 478, ¶¶ 1–2.)  Plaintiff's Rule 41(b)(2) motion appears to have been filed largely to avoid what it viewed as an imminent adverse sanctions ruling.  Granting plaintiff's motion and dismissing its claims with prejudice is warranted under these circumstances, as an unconditional dismissal without prejudice would cause the defendants plain legal prejudice.

---

[4]The Court did not direct its ruling to any particular party or parties and expresses no opinion here that the ruling was directed to any particular party or parties.  To the contrary and as shown in this order, plaintiff as well as several defendants filed motions and notices in response to the ruling.

8

### iii.    No right to pursue this lawsuit

As shown above, plaintiff states that it has no right to pursue this lawsuit against the defendants.  By plaintiff's own admissions, it knew as early as July 2023 that it "did not exist" and could not pursue its claims; this is shown by counsel's filing of the same claims against the same core defendants in the Corpus Christi Division and Denton County state court lawsuits.  It is further shown by counsel's admission in open court in October 2023 that 829 Yale Holdings, Inc. d/b/a Steadfast 829 Yale Holdings, Inc. is "the only plaintiff with any interest in these causes of action."  Counsel for plaintiff did not bring the instant lawsuit or file the amended complaint in the name of 829 Yale Holdings, Inc. despite having a duty under Rule 11(b) to exercise reasonable inquiry in naming proper parties.  Plaintiff continued to prosecute the instant lawsuit, causing defendants to expend considerable time, effort, and resources in defending the lawsuit up through the filing of the pending Rule 41(a)(2) motion in late March 2024.

Granting plaintiff's motion and dismissing its claims with prejudice is warranted under these circumstances, as an unconditional dismissal would cause the defendants plain legal prejudice.

### iv.    Multiplicity of lawsuits

As a fourth consideration, the Court finds troublesome counsel for plaintiff's propensity for filing multiple lawsuits in multiple courts raising the same claims against the same core parties.  The three concurrent lawsuits filed by counsel in the Houston Division,

the Corpus Christi Division, and Denton County state court evince a willingness to file and re-file the lawsuit in an attempt to find a sympathetic jurist and avoid unwanted outcomes. This is not an instance of dismissing a case without prejudice knowing that the case might be refiled elsewhere. *Elbaor*, 279 F.3d at 317 & n.3. This is an instance where counsel is pursuing essentially the same lawsuit concurrently or serially and causing plain legal prejudice to the defendants, despite counsel's modifications or attempted modifications of the plaintiff's identity.

Nor is the Court assuaged by plaintiff's admissions of "not existing" as protecting the defendants against plain legal prejudice; plaintiff has left room to later change tack by alleging elsewhere in its motion that, "*To Plaintiff's knowledge*, 'Steadfast 829 Holdings, Inc.' does not exist." (Docket Entry No. 475, ¶ 1, emphasis added.)  This is problematic, given plaintiff's penchant for referring to itself interchangeably by different names, *see* n.1, *supra*, or attempting to fashion a new name for itself out of whole cloth due to an alleged "typo." (Docket Entry No. 203.)  Equally troubling is a 23-page affidavit executed by Carl Marcus ("Marc") Sherrin on March 29, 2022, nine days after the instant lawsuit was filed. In his affidavit, Sherrin testifies under penalty of perjury that he is "President of *Plaintiff, Steadfast 829 Holdings, Inc.*" (Docket Entry No. 425, Exhibit 13, emphasis added.)[5] Sherrin further testifies that, "The Steadfast Parties assigned all rights, title and interest in the loans

---

[5]Although executed in March 2022, plaintiff relied on the affidavit as recently as July 12, 2023.  (Docket Entry No. 425, Exhibit 13.)  Plaintiff further filed the affidavit on November 1, 2023, in C.A. No. 24-0404, Docket Entry No. 22, Exhibit 170.

and property, and all agreements therefor to Steadfast 829 Yale Holdings, Inc." *Id.*, p. 23. Nowhere in his affidavit does Sherrin testify that "829 Yale Holdings, Inc." has any interest in the claims made the basis of this lawsuit or make any reference to such entity. Granting plaintiff's motion and dismissing its claims with prejudice is warranted under these circumstances, as an unconditional dismissal without prejudice will cause the defendants plain legal prejudice.

### v.  *Loss of defenses and counterclaims*

For like reasons, allowing plaintiff to voluntarily and unconditionally dismiss its claims without prejudice will cause plain legal prejudice to the defendants who have retained pending counterclaims against plaintiff. Although plaintiff claims "it doesn't exist" such that counterclaims against it should be dismissed as groundless, the Court addressed above its concerns that plaintiff's assertion may not necessarily protect the defendants against further lawsuits brought by or in the name of the allegedly non-existent entity. Should the Court dismiss plaintiff's claims without prejudice and dismiss the defendants' remaining counterclaims predicated on a non-existent plaintiff, and should plaintiff thereafter decide that it does exist and refile its claims against the defendants, limitations on the defendants' counterclaims may have expired.[6] This would cause plain legal prejudice to the defendants.

---

[6]The Court is aware that, under the Texas "revival" statute, a claim otherwise barred by limitations may be brought as a counterclaim or crossclaim under certain circumstances. *See* TEX. CIV. PRAC. & REM. CODE § 16.069. However, any possible application or effect of this statute is well beyond the scope of the Court's immediate inquiry as to plain legal prejudice.

Similarly, should plaintiff's claims be dismissed without prejudice and plaintiff later determine that it exists and it refiles its claims, the defendants would lose any defenses that are subject to limitations. Again, this would cause plain legal prejudice to the defendants. These scenarios are not purely speculative, given plaintiff's use of inconsistent appellations throughout this lawsuit, its conditional assertion of non-existence, and Sherrin's own testimony that he is president of the allegedly non-existent corporate entity.

For the five reasons stated above, plaintiff's Rule 41(a)(2) motion to voluntarily dismiss this action (Docket Entry No. 475) is **GRANTED** and plaintiff's claims against the defendants are **DISMISSED WITH PREJUDICE**. Plaintiff has a reasonable time of **FIVE DAYS** from date of this order within which to refuse the conditional voluntary dismissal by withdrawing its Rule 41(a)(2) motion for dismissal. *See Elbaor* at 320. In absence of a timely withdrawal, the Court will enter a final judgment dismissing plaintiff's claims against the defendants with prejudice.

B.   Plaintiff's Motion to Dismiss Claims Brought Against It

Within its Rule 41(a)(2) motion to dismiss, plaintiff also moves for the Court to dismiss all claims brought *against* it by any party in this lawsuit.[7] In support, plaintiff argues that, as a non-existent entity, it cannot be sued, "as it similarly lacks capacity and the Court

---

[7]This motion is not covered by the Court's order of March 6, 2024, which provided that the "[p]arties have until March 20, 2024, to withdraw pleadings, dismiss adversaries, cancel discovery requests that are nonmeritorious." (Minute Entry, March 6, 2024.) Plaintiff's motion to dismiss does not move to withdraw, dismiss, or cancel any of its own pleadings, but rather, moves to dismiss pleadings filed by other parties.

lacks jurisdiction."[8] *Id.*, ¶ 5.  Plaintiff does not identify in its motion the docket number of any pending counterclaim, crossclaim, or third party claim for which it seeks dismissal by its motion, nor did it file a proposed order for any specific relief as required by LR 7 of the Local Rules of the United States District Court for the Southern District of Texas and Rule 5(H) of the undersigned judge's written Court Procedures.

Accordingly, plaintiff's motion to dismiss the counterclaims, crossclaims, and third party claims brought against it by any party in this lawsuit is **DISMISSED**.  The Court will address by separate order, *sua sponte*, any and all counterclaims, crossclaims, and third party claims pending against plaintiff.

C.    Plaintiff's Notice of Withdrawal of Other Pleadings

Plaintiff's Notice of Withdrawal of Pleadings Seeking Affirmative Relief (Docket Entry No. 478) advises the Court of its withdrawal of all pending or remaining pleadings, motions, and requests for affirmative relief it filed or seeks in this lawsuit.  In support, plaintiff emphasizes that, because it does not exist, any relief it has requested is moot.  *Id.*, ¶ 1.  In its prayer for relief, plaintiff requests the Court "to grant withdrawal as requested herein."  Plaintiff has again failed to submit a proposed order.

The Court granted the parties two weeks' time to withdraw pleadings, dismiss adversaries, and cancel discovery requests that were nonmeritorious.  Plaintiff has not

---

[8]Plaintiff is incorrect in arguing that the Court lacks jurisdiction in this lawsuit. Plaintiff's recent epiphany of record that "it doesn't exist" may stand as grounds for dismissal of its claims, but it does not deprive the Court of jurisdiction.

identified in its motion any particular pleading being withdrawn or discovery request being cancelled. Given that there are currently close to 500 docket entries in this case, the Court declines to expend its limited resources to guess which pleadings plaintiff may have intended to withdraw or cancel as nonmeritorious.

Plaintiff docketed its notice and request to withdraw pleadings as a motion. The motion (Docket Entry No. 478) is **DISMISSED**. The Court will address by separate order, *sua sponte*, any pleadings and motions filed by plaintiff that remain pending on the Court's docket.

D.    Withdrawal of Pleadings by Lloyd Kelley

The Motion and Notice of Withdrawal, Dismissal, and Cancellation filed by Lloyd Kelley (Docket Entry No. 479) advises the Court of his withdrawal, dismissal, and cancellation of the following pleadings:  Docket Entry No. 139 (Third Party Complaint); Docket Entry No. 164 (Counterclaim); Docket Entry No. 274 (Objections); Docket Entry No. 275 (Corrected Objections); Docket Entry No. 340 (Motion to Sever/Consolidate); Docket Entry No. 398 (Corrected Motion to Sever Third Party Claims); Docket Entry No. 412 (Motion for Leave to File Motion to Depose); Docket Entry No. 413 (Motion for Leave to File Motion for Sanctions); Docket Entry No. 415 (Motion for Leave to File Motion for Sanctions); and Docket Entry No. 453 (Supplemental Motion for Leave to File Motion to Depose).

Because the third party and counter defendants filed answers to the Third Party Complaint and Counterclaim, Kelley moves to dismiss those actions pursuant to Rule 41(a)(2). A review of the docket in this case shows that Kelley filed his Third Party Complaint on October 10, 2022, but took no further action on it. Despite not having been served with process, the third party defendants filed answers on June 9, 2023, and did not move for dismissal predicated on lack of timely service. Discovery and motions deadlines had already closed in May 2023, and the docket does not reflect that any dispositive motions were filed or discovery undertaken regarding the Third Party Complaint. The record does not show that dismissal of the Third Party Complaint without prejudice will cause the third party defendants plain legal prejudice. Kelley's Third Party Complaint will be dismissed without prejudice.

The docket further shows that Kelley filed his Counterclaim on November 7, 2022, against Chris Wyatt, Hayden Wyatt, Chris Ramey, Marc Sherrin, Ringo J. Lanzetti, Richard Metler, and Courtland J. Sedlachek. Defendant Hayden Wyatt filed a motion to dismiss on February 8, 2023, and defendants Metler, Sherrin, and Lanzetti filed answers on June 9, 2023. It does not appear that Sedlachek was served. Chris Wyatt filed a motion to dismiss on September 25, 2023, and Kelley later dismissed his claims against Hayden Wyatt. Due to lack of clarity in his pleadings, it is unclear whether Ramey filed an answer as a counter defendant. The record does not show that dismissal of the Counterclaim without prejudice will cause the defendants plain legal prejudice.

The motion (Docket Entry No. 479) is **GRANTED**. Kelley's Third Party Complaint (Docket Entry No. 139) and Counterclaim (Docket Entry No. 164) are **DISMISSED WITHOUT PREJUDICE**. The Court will enter judgment of dismissal without prejudice by separate order.

Pursuant to Kelley's Notice, the following pleadings are **DEEMED WITHDRAWN**: Docket Entries No. 274, 275, 340, 398, 412, 413, 415, and 453. The Court will take no further action as to these pleadings.

E.    Withdrawal of Pleadings by Nicholas Fugedi

The Motion and Notice of Withdrawal filed by Nicholas Fugedi, Individually and as Trustee of the Carb Pura Vida Trust (Docket Entry No. 480) advises the Court of his dismissal or withdrawal of the following pleadings: Docket Entry No. 162 (Third Party Complaint); Docket Entry No. 163 (Corrected Third Party Complaint); and Docket Entry No. 248 (Motion to Compel Deposition).

Because the third party defendants filed answers to the Corrected Third Party Complaint, Fugedi moves to dismiss that action pursuant to Rule 41(a)(2). The record shows that Fugedi filed his Corrected Third Party Complaint on November 7, 2022. Mallori Ramey and Nicole Rathe filed motions to dismiss on January 17, 2023, and March 27, 2023, respectively. Chris Ramey and Mallori Ramey filed answers on May 26, 2023, and Rathe filed an answer on May 31, 2023. Depositions of Mallori Ramey and Nicole Rathe were

taken in May 2023.  The record does not show that dismissal of the Corrected Third Party Complaint without prejudice will cause the defendants plain legal prejudice.

The motion (Docket Entry No. 480) is **GRANTED**.  Fugedi's Corrected Third Party Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Court will enter judgment of dismissal without prejudice by separate order.

Pursuant to Fugedi's Notice, the following pleadings are **DEEMED WITHDRAWN**: Docket Entries No. 162, 248. The Court will take no further action as to these pleadings.

F.     Withdrawal of Pleadings by Michelle M. Fraga

The Motion and Notice of Withdrawal filed by Nicholas Fugedi, Individually and as Trustee of the Carb Pura Vida Trust [*sic*] (Docket Entry No. 481) advises the Court of the dismissal or withdrawal of the following pleadings filed by Michelle M. Fraga:  Docket Entry No. 160 (Third Party Complaint) and Docket Entry No. 161 (Counterclaim).  The Court notes that Nicholas Fugedi and Michelle M. Fraga are represented by the same counsel of record, and finds that Docket Entry No. 481 was filed by counsel on behalf of Michelle M. Fraga and not on behalf of Nicholas Fugedi, Individually and as Trustee of the Carb Pura Vida Trust.

Fraga's Third Party Complaint and Counterclaim are the same pleading. Fraga filed the actions on November 7, 2022, bringing counterclaims against plaintiff and third party claims against Richard R. Metler, Stephen K. Zupanc, Joe Saenz, Salvador Ballesteros, Chris

17

Wyatt, Chris Ramey and Scott Britenwischer.[9] Plaintiff filed a generic motion to dismiss unspecified counterclaims on November 28, 2022, which arguably encompassed Fraga's Counterclaim. Britenwischer filed a motion to dismiss Fraga's third party claims on January 13, 2023. Metler, Saenz, Zupanc, and Ballesteros filed answers to the Third Party Complaint on June 9, 2023. The record does not show that dismissal of the Third Party Complaint and Counterclaim without prejudice will cause the defendants plain legal prejudice.

The motion (Docket Entry No. 481) is **GRANTED**. Fraga's Third Party Complaint and Counterclaim are **DISMISSED WITHOUT PREJUDICE**. The Court will enter judgment of dismissal without prejudice by separate order.

G.     Withdrawal of Pleadings by TransAct Title, *et al.*

The Motion and Notice of Withdrawal, Dismissal, and Cancellation filed by TransAct Title, LLC, Marol Brobisky, Mansoor Choudhry, Salima Umatiya, and Umatiya Law Firm, PLLC (Docket Entry No. 482) advises the Court of their withdrawal, dismissal, and cancellation of paragraphs 6 through 32 of Docket Entry No. 165 and subsections (a) through (c) of the prayer for relief in that pleading.

Docket Entry No. 165, paragraphs 6 through 32, bring third party claims for defamation against Chris Ramey and Marc Sherrin; subsections (a) through (c) of the prayer for relief request damages, punitive damages, and prejudgment/post judgment interest against them. Sherrin filed an answer to the third party claims on June 9, 2023. The record does not

---

[9]Spelled elsewhere in other pleadings as "Breitenwischer." *See, e.g.*, Docket Entry No. 220.

show that dismissal of the third party claims against Ramey and Sherrin without prejudice will cause the defendants plain legal prejudice.

The motion (Docket Entry No. 482) is **GRANTED**. The third party claims filed by TransAct Title, *et al.*, against Ramey and Sherrin in Docket Entry No. 165 are **DISMISSED WITHOUT PREJUDICE**. The Court will enter judgment of dismissal without prejudice by separate order.

H.     Motion filed by Jetall Companies, Inc., *et al.*

Defendants Jetall Companies, Inc., BDFI, LLC., Worldwide Lending Fund, LLC., Worldwide Lending Organization, LLC., 2017 Yale Development LLC., 2017 Yale Development GP, LLC., and Ali Choudhri filed a motion "to join in the relief requested in the Parker Motion for Summary Judgment." (Docket Entry No. 494, ¶ 2.) Defendants have not attached a proposed order and the motion is unclear as to the requested relief. The motion (Docket Entry No. 494) is **DENIED**.

I.     Motion for Joinder

The motion for joinder in response filed by defendants Donald Hubner and Stephanie Alvarez (Docket Entry No. 495) is **GRANTED**.

J.     Defendants' Request for Attorney's Fees Under State Law

Defendants Norma Lopez (Docket Entry No. 483), Margaret Parker, Brad Parker, Terry Fisher Allen Fisher, Assurance Home Warranty Group, LLC, KVAC Holding Company, LLC, Cityscape Rentals, LLC, and KVAC Holdings, LLC (Docket Entry No.

485), Pabeshan Castle LLC (Docket Entry No. 489), Michele Fraga (Docket Entry No. 490),

Edward Herman, the Law Offices of Edward Herman, PLLC (Docket Entry No. 491),

Donald Hubner, and Stephanie Alvarez (Docket Entry No. 495) move for an award of

mandatory attorney's fees against plaintiff under the Texas Theft Liability Act ("TTLA"),

Texas Civil Practice & Remedies Code Section 134.005(b). Defendants argue that they are

entitled to recovery of mandatory attorney's fees as the prevailing party if plaintiff's action

is dismissed with prejudice. Plaintiff opposes the motions, arguing that the TTLA does not

allow recovery of attorney's fees if a lawsuit is voluntarily dismissed without prejudice.

The issue is moot at this time, as no final judgment of dismissal has been entered. The

Court **STAYS AND ABATES** defendants' motions until entry of final judgment as to

plaintiff's claims against the defendants. No further pleadings may be filed regarding the

issue of mandatory attorney's fees until further order of the Court.

K.     Trial Setting

The trial setting for April 22, 2024, is **VACATED**.

L.     Interlocutory Order

This is an **INTERLOCUTORY ORDER**.

M.     Rulings for Docketing

The following motions are granted:  #479, #480, #481, #482, #495.

The following motion is granted in part and dismissed in part:  #475.

The following motion is dismissed:  #478.

The following motions are stayed and abated:  #483, #485, #489, #490, # 491, #495.

The following motion is denied:  #494.

Signed at Houston, Texas, on this the ___12th___ day of April, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE