Case 4:22-cv-00905   Document 544   Filed on 03/04/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEADFAST 829 HOLDINGS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0905 |
| | § | |
| 2017 YALE DEVELOPMENT, LLC, | § | |
| *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion to withdraw as counsel of record filed by Movant Rodney L. Drinnon on behalf of himself, McCathern Houston, and all attorneys, partners, or employees of McCathern Houston. (Docket Entry No. 511.) Movant states that he serves "as lead counsel of record for Plaintiff, Steadfast 829 Holdings, Inc. including but not limited to all Steadfast Lenders, Parties, and Entities (collectively "Steadfast Parties")."[1] *Id.*, p 1.

Margaret Parker, Brad Parker, Terry Fisher, Allen Fisher, Assurance Home Warranty Group, LLC, KVAC Holding Company, LLC, Cityscape Rentals, LLC, and KVAC Holdings, LLC (collectively "Parker/Fisher") filed a response in opposition (Docket Entry

---

[1]Movant does not identify "all Steadfast Lenders, Parties, and Entities," nor are "all Steadfast Lenders, Parties, and Entities" parties of record in this lawsuit. The Court cannot order Movant removed as counsel of record for individuals or entities who are not parties of record. Consequently, the Court considers Movant's motion as seeking withdrawal as counsel of record only as to Steadfast 829 Holdings, Inc., as shown in Movant's proposed order.

No. 513). Michelle Fraga, Nicholas Fugedi, Carb Pura Vida Trust, Lloyd Kelley, and Pabeshan Castle filed a separate response in opposition (Docket Entry No. 519). Movant filed a reply (Docket Entry No. 520), to which Parker/Fisher filed a rejoinder (Docket Entry No. 521).

Because his motion does not provide sufficient information to grant the requested relief, the Court orders Movant to file an amended motion or an affidavit supplementing the original motion, as discussed below.

## I. BACKGROUND

Movant seeks to withdraw as counsel of record "[d]ue to irreconcilable differences regarding the goals and scope of the representation." *Id*. He then states, without explanation, that "The Steadfast Parties' Director and sole member, Adam Keith Hruby's last known address is 967B Mountain Laurel Cir. SE, Albuquerque, New Mexico 87116. The Steadfast Parties have been provided with a copy of this motion and have been notified of their right to object." *Id*., p. 2. To-date, no objection from the unidentified "The Steadfast Parties" appears on the docket nor has Movant stated that new counsel of record will make an appearance.

## II. LEGAL STANDARDS

"Given the contractual nature of the attorney-client relationship, a lawyer who agrees to represent a client is generally expected to work through the completion of a case." *Fed. Trade Comm'n v. Intellipay, Inc*., 828 F. Supp. 33, 33 (S.D. Tex. 1993) (cleaned up).

Withdrawal may be permitted, however, "upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). An attorney seeking to withdraw "bears the burden of proving the existence of good cause and must demonstrate that the attorney's withdrawal will not adversely affect efficient litigation of the suit." *Neal Techs., Inc. v. Unique Motorsports, Inc.*, C.A. No. 4:15-cv-385, 2018 WL 837715, at *2 (E.D. Tex. Feb. 13, 2018) (citation omitted). "The record must reflect an appropriate basis for granting leave to withdraw, and unsubstantiated claims are insufficient." *Intellipay, Inc.*, 828 F. Supp. at 34. The decision to grant a motion to withdraw is entrusted to the sound discretion of the district court. *In re Wynn*, 889 F.2d at 646.

Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981). Thus, a court must consider the facts and circumstances of the case, as well as additional factors such as: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take—and the financial burden it would impose on—the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *See Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999); *White v. BAC Home Loans Servicing, LP*, C.A. No. 09-cv-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010).

Under LR83.2 for the United States District Court for the Southern District of Texas, "Although no delay will be countenanced because of a change in counsel, withdrawal of counsel-in-charge may be effected by motion and order, under conditions imposed by the Court."

### III.  ANALYSIS

Movant's motion presents a legal and factual conundrum.  Movant seeks to withdraw as counsel of record for Steadfast 829 Holdings, Inc. due to irreconcilable differences regarding the goals and scope of the representation, yet Movant also states that Steadfast 829 Holdings, Inc. "does not exist." (Docket Entry No. 520, p. 3 n.2.)  Steadfast 829 Holdings, Inc. is a party for whom Movant appears as counsel of record, but as it "does not exist," it clearly is not Movant's client.  Nevertheless, the burden remains on Movant to show that he has good cause for withdrawing as counsel of record, that he has given notice to his client, and that prosecution of the lawsuit will not be disrupted by his withdrawal.

 A. <u>Good Cause</u>

Movant alleges in his motion he has good cause to withdraw "[d]ue to irreconcilable differences regarding the goals and scope of the representation."  However, the Court questions how, and with whom, irreconcilable differences have arisen with or regarding the goals and scope of representation of a non-existent entity.  Movant further fails to explain how he can claim an attorney-client relationship with or for an entity that "does not exist" and appear as counsel of record for such non-entity.

Movant further claims in his reply to defendants' opposition that prior counsel of record, Christopher Ramey, erroneously informed the Court that Movant would be representing Steadfast 829 Holdings, Inc. following Ramey's own withdrawal. (Docket Entry No. 520, p. 2.) Movant's argument implies that Movant never agreed to represent Steadfast 829 Holdings, Inc. as counsel of record. However, Movant did not bring this purported error to the Court's attention until October 8, 2024, *four months* after Ramey filed, and the Court granted, Ramey's motion to withdraw. Moreover, Movant's allegation of error is disingenuous; Movant cannot seek leave to withdraw as counsel of record for Steadfast 829 Holdings, Inc. while simultaneously arguing that he never appeared as counsel of record for Steadfast 829 Holdings, Inc. This is especially troubling given that Movant commences his motion to withdraw by stating he "serves as lead counsel of record for Plaintiff, Steadfast 829 Holdings, Inc." (Docket Entry No. 511, p. 1.)

Movant additionally argues in his reply that on September 24, 2024, arbitration proceedings were initiated between Movant and 829 Yale Holdings, Inc. d/b/a Steadfast 829 Yale Holdings, Inc. Movant states that, although Steadfast 829 Holdings, Inc. is not the same entity as 829 Yale Holdings, Inc. d/b/a Steadfast 829 Yale Holdings, Inc. (Docket Entry No. 520, p. 3), a conflict of interest might arise to the extent there is any overlap or confusion between these entities and its members and directors. *Id*. However, Movant does not allege any overlap or confusion nor show how such overlap or confusion could arise as to Steadfast 829 Holdings, Inc. when he acknowledges the non-entity has no members or directors. *Id.*

at n.2. No actual or reasonably potential conflict of interest is shown. Although Movant makes a generic reference to the Texas Disciplinary Rules of Professional Conduct, he alleges no specific application to any specific provision. *Id*.

Under these circumstances, Movant shows no irreconcilable differences, conflict of interest, or misrepresentation by former counsel as good cause for seeking to withdraw as counsel of record for Steadfast 829 Holdings, Inc.

B. Notice to the Client

Moreover, Movant must give reasonable notice to his client(s) that he is seeking to withdraw as counsel of record. Adding to the confusion in this case, Movant purports to represent "all Steadfast Lenders, Parties, and Entities (collectively "Steadfast Parties")," which are neither identified in the motion nor appear as parties of record in this lawsuit. Movant does not explain the legal relationship between Steadfast 829 Holdings, Inc. and the "Steadfast Parties." Stated differently, Steadfast 829 Holdings, Inc. may or may not be a corporate entity, and it may or may not have any right to bring and pursue this lawsuit, but Movant's argument that it "does not exist" fails to identify his client(s) for purposes of seeking to withdraw in this case. Thus, unclear is (1) the identify of Movant's client(s), and (2) what notice he has given these client(s) of his motion to withdraw.

Conundrums, inconsistencies, and unanswered questions notwithstanding, some form of entity calling itself "Steadfast 829 Holdings, Inc." has been prosecuting this lawsuit as plaintiff for the past two-and-one-half years, unilaterally identifying plaintiff at various times

by other names, including "Steadfast 829 Yale Holdings, Inc," "829 Yale Holdings, Inc., d/b/a Steadfast 829 Yale Holdings, Inc.," and the amorphous "a Steadfast Party" or "the Steadfast Parties." At all times it has included "Inc." within its name, indicating that it is a corporation. Earlier this year, counsel of record for Steadfast 829 Holdings, Inc. disclosed to the Court that the entity was *not* a corporation, that it "did not exist," and that it had no right to bring the lawsuit. Steadfast 829 Holdings, Inc. then dismissed all of its claims against the numerous defendants. At best, these matters were due to inattentiveness by the pleadings' drafters; at worst, as intimated by some of the opposing defendants, they were undertaken as deliberate tactics to thwart resolution of the lawsuit and "run up attorney's fees." Although the Court need not resolve the latter dispute at this juncture, the confusion as to Steadfast 829 Holdings, Inc.'s status does create an uncertainty that must be addressed prior to allowing Movant to withdraw as counsel of record.

The Court declines to accept Movant's bare assertion that he gave proper notice of his motion to his client(s), as he does not disclose the individuals to whom he gave such notice in light of Steadfast 829 Holdings, Inc.'s purported non-existence.

    C.    <u>New Counsel, Contact Person, Disruption of Litigation</u>

Although the Court is loathe to force any attorney to continue representing a party in civil litigation when the attorney–client relationship has deteriorated, it is equally loathe to leave the remaining parties bereft of any means of communicating with, or recourse against, a newly-unrepresented party. Thus, the Court must ensure that the remaining parties have

a means of finalizing this lawsuit and that the Court can give required notices to plaintiff should counsel be allowed to withdraw. <u>Movant must affirmatively advise his client in writing that the granting of the motion to withdraw *will not* be accepted by the Court as grounds for any continuances or dely in entry of a final judgment in this case</u>.

As no counsel has stepped forward to substitute for Movant, granting the motion to withdraw would result in plaintiff Steadfast 829 Holdings, Inc. being unrepresented in this litigation. Because Steadfast 829 Holdings, Inc. now claims it is not a corporation and "does not exist," yet has prosecuted this lawsuit as a corporate entity, the record is unclear at this point as to whether it is a corporate entity. This lack of clarity governs how an order granting withdrawal must be worded, the information that Movant must provide, and what actions plaintiff Steadfast 829 Holdings, Inc. must undertake.[2]

### i. Corporate Entity, New Counsel of Record

As to how this case will proceed should Movant withdraw, it is undisputed that a corporate litigant cannot proceed *pro se* in federal court. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). If, as its name suggests, Steadfast 829 Holdings, Inc. is a corporation, it cannot make an

---

[2] The Court understands that Movant cannot attest that an entity named "Steadfast 829 Holdings, Inc." is not a corporation as to all states or jurisdictions. The Court is requiring Movant to attest only as to the corporate status of the Steadfast 829 Holdings, Inc. for which he seeks leave to withdraw as counsel of record in this lawsuit. The Court holds Movant to a duty to know whether the party he represents as counsel of record is, or is not, a corporation.

appearance or file pleadings *pro se* if current counsel is allowed to withdraw. It must obtain new counsel of record.

### ii. Non-Corporate Entity, Contact Person

As Movant states Steadfast 829 Holdings, Inc. "does not exist," it stands to reason that it cannot proceed *pro se* in this lawsuit should Movant be allowed to withdraw. If Steadfast 829 Holdings, Inc. is not a corporation, a contact person for Steadfast 829 Holdings, Inc. and a last known mailing address must be provided by Movant so that this litigation can proceed to its conclusion. Therefore, Movant must identify a contact person for Steadfast 829 Holdings, Inc. so it can be given required notices from the Court and the remaining parties, including entry of a final judgment and resolution of attorney's fees under the TTLA. Moreover, if Steadfast 829 Holdings, Inc. intends to obtain new counsel of record, the Court will require new counsel to make an appearance of record for Steadfast 829 Holdings, Inc. within thirty days after Movant is allowed to withdraw, so that this litigation may proceed without disruption.

Movant has not provided a name and last known address for a contact person as to Steadfast 829 Holdings, Inc. To the contrary, Movant states only that "The Steadfast Parties' Director and sole member, Adam Keith Hruby's last known address is 967B Mountain Laurel Cir. SE, Albuquerque, New Mexico 87116." Materially missing from Movant's motion is the essential assertion that Hruby is the contact person for Steadfast 829 Holdings, Inc. should Movant be allowed to withdraw. Likewise, Movant shows no connection between

Hruby and Steadfast 829 Holdings, Inc. to justify the Court's acceptance of Hruby as an appropriate contact person, nor does he state, in the alternative, that Hruby has agreed to act as the contact person for Steadfast 829 Holdings, Inc.

Given the extreme level of animosity among the parties and counsel evinced throughout this lawsuit, as well as apparent friction between plaintiff and its own attorneys, and with an ever-shifting factual foundation, including counsels' recent disclosures that the plaintiff "does not exist," the Court declines to accept Movant's tacit implication that Hruby is the appropriate contact person for Steadfast 829 Holdings, Inc. should Movant be allowed to withdraw.

Movant must identify in an amended motion to withdraw, or in an affidavit filed as a supplement to the current motion to withdraw, the name and last known address for an individual who will be the contact person for Steadfast 829 Holdings, Inc. should Movant withdraw; provide factual allegations supporting a connection between Steadfast 829 Holdings, Inc. and the named contact person sufficient to allow the Court to determine that the individual is an appropriate contact person; *or* state that the identified individual has agreed to act as the contact person for Steadfast 829 Holdings, Inc. should Movant withdraw.

## IV.  CONCLUSION

Movant has not established "irreconcilable differences" as to good cause to withdraw as counsel of record for a party that "does not exist"; has not shown that he gave reasonable notice to his client(s); and has not informed the Court of an appropriate contact person for

the non-existent party for whom he seeks to withdraw as counsel of record in order to prevent undue disruption of finalization of this lawsuit litigation.

For the above reasons, and pursuant to LR83.2 for the United States District Court for the Southern District of Texas, Movant is **ORDERED** to file within **TWENTY DAYS** from date of this order an amended motion to withdraw, or an affidavit signed by Movant supplementing the original motion to withdraw, to cure the deficiencies as set forth in this Memorandum Opinion and Order.

To the extent providing the required information would result in Movant's divulging confidential or privileged communications, Movant may file his amended motion to withdraw, or his affidavit in support of the amended motionto withdraw, under seal. Such filing will be subject to the Court's determination that the pleading does not divulge confidential or privileged communication and should not be under seal.

Movant's motion to withdraw (Docket Entry No. 511) will remain under advisement pending his compliance with this order. <u>No further responses in opposition may be filed without leave of court pending disposition of the motion</u>.

Signed at Houston, Texas, on this the  4th  day of March, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE