United States District Court
Southern District of Texas
**ENTERED**
March 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEADFAST 829 HOLDINGS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0905 |
| | § | |
| 2017 YALE DEVELOPMENT, LLC, | § | |
| *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

The Court informed counsel and the litigants earlier in this case that the issues of

sanctions and lawsuit preclusion would best be considered toward the end of the lawsuit, not

at its commencement. This case has reached its end-point. The Court has taken a careful

look in the rear-view mirror to assess the damage and detritus, and finds the path littered with

potentially sanctionable actions by any number of parties and counsel.

Pending before the Court are the following motions:

Motions for "Injunctive Relief to Prevent Ramey and his Steadfast Clients from

Vexatiously Filing Lawsuits Against Defendants," filed by movant Norma Lopez (Docket

Entry No. 31), movant Donald Huebner (Docket Entry No. 32), and movant Carb Pura Vida,

LLC (Docket Entry No. 33); and "Motion to Identify Christopher Ramey, Marc Sherrin, and

Steadfast Funding, LLC, as Vexatious Litigants and Entry of Anti-Suit Injunction," filed by

movants Nicholas Fugedi (Individually and as Trustee), Michelle Fraga, and Fraga Law

Office, PLLC (Docket Entry No. 43) (collectively the "Pre-Filing Injunction Motions");
along with various joinders, responses, replies, and sur-replies;

"Motion for Sanctions," filed by movant Lloyd E. Kelley (Docket Entry No. 74),
along with various responses; and "Motion for Sanctions," filed by movant Donald Huebner
(Docket Entry No. 103); and

The Amended Motion (Docket Entry No. 516) and Supplemental Motion (Docket
Entry No. 542) for a show cause hearing, dismissal of the pending lawsuit in C.A. No. H-24-
0404 (S.D. Tex.), sanctions, and to "refer the matter to the United States Attorney for
investigation," filed by movants Michelle Fraga, Nicholas Fugedi, Carb Pura Vida Trust,
Lloyd E. Kelley, and Pabeshan Castle (the "Motions to Show Cause"), along with various
joinders and responses.

Having considered the pending motions, the responses, the replies, the sur-replies, the
record, matters of public record, and the applicable law, the Court **LIFTS THE STAY** as to
Docket Entries No. 31, 32, 33, 43, 74, and 103; **STRIKES** the amended motion and
supplemental motion to show cause (Docket Entries No. 512, 516, 542), and **DENIES** the
motions (Docket Entries No.  31, 32, 33, 43, 74, 103) for the reasons shown below.

## II.  ANALYSIS

A.    Pre-Filing Injunction

In their Pre-Filing Injunction Motions (Docket Entries No. 31, 32, 33, 43), movants
argue that "Ramey and his Steadfast Clients" are vexatious litigants, and that the Court

should impose a permanent injunction preventing them from filing new lawsuits against the movants without prior authorization of this Court.[1] In support, movants argue that "the fact that Mr. Ramey has filed four previous lawsuits and filed counter-claims in two other lawsuits over the same property weighs in favor of an order preventing him and his clients from filing any more such suits without first getting permission of this Court." (Docket Entry No. 31, ¶ 29.) Movants further complain that Ramey and his Steadfast Clients filed, and continue to file, intentionally false lawsuits and counter-claims against them, repeatedly seeking relief that has been denied by other state and federal courts.

A federal district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation in federal courts. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (holding that a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court, to deter vexatious filings) (citing *Martin–Trigona v. Lavien*, 737 F.2d 1254, 1261–62 (2d Cir. 1984)). A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson*, 808 F.2d at 360. A district court's decision to grant an injunction is reviewed

---

[1] The motions essentially present the same facts and grounds for pre-filing injunctive relief. The Court will refer to Docket Entry No. 31 as the representative motion for convenience and efficiency.

under the abuse of discretion standard. *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002).

In determining whether a pre-filing injunction should be imposed to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether it has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008) (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)). The United States Court of Appeals for the Fifth Circuit recognizes that "the traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *Blue Moon*, 513 F.3d at 189, citing *Martin–Trigona*, 737 F.2d at 1262.

In abating the pending motions for a later determination, the Court informed the parties that it would review the record and the parties' status in light of events that would unfold during the lawsuit's progression. The Court has undertaken such review, and reiterates observations made in earlier orders that the parties in this case have a long, convoluted, and contentious history that began in 2017 with the purchase and financing of the property at 829 Yale Street in Harris County, Texas. The parties' ensuing disputes have

4

been litigated in numerous state and federal lawsuits and appeals, and continue into the present.

Much has happened over the course of this lawsuit, both in this case and in other cases involving the parties. As a result of these and related matters of record, it appeared to the Court that certain pleadings filed by various parties were arguably nonmeritorious. At a status conference held March 6, 2024, the Court advised the parties that

> I need to do more analysis of this case, and I will, but the way the pleadings stand right now, I think this is a case for sanctions.

> I'll give all the parties and lawyers two weeks, until March 20, 2024, to withdraw pleadings, dismiss adversaries, cancel discovery requests that are nonmeritorious. After that, sanctions will issue. After that, I'm ready to decide the case against all parties and against all lawyers.

(Docket Entry No. 498, p. 54.) The Court did not direct its ruling to any particular party or parties, and provided all of the parties a "safe harbor" opportunity to voluntarily withdraw or dismiss pleadings without the Court's consideration or imposition of sanctions. In timely fashion, a number of notices and motions to withdraw and/or dismiss pleadings were filed by the various parties. The Court entered an order on April 12, 2024, ruling on the motions, including an order granting plaintiff's motion to dismiss its claims. The Court's order dismissed plaintiff's claims *with prejudice*. (Docket Entry No. 497.) As a result, plaintiff is precluded from raising in a subsequent lawsuit the claims raised in this lawsuit.

The Court understands the movants' frustration with the multiple lawsuits plaintiff has filed against them. The Court was especially troubled by plaintiff's filing and prosecution

5

of three concurrent lawsuits against the defendants in three different jurisdictions, raising the same or substantially the same claims. The chronology and nature of those lawsuits were discussed in the Court's order of April 12, 2024. Those lawsuits were ultimately consolidated and transferred to this Court under C.A. No. H-24-0404, and motions to dismiss and for sanctions are pending therein.

Review of the circumstances and the four *Blue Moon* factors gives this Court considerable pause, but circumstances do not quite reach the threshold for warranting a pre-filing injunction. Movants claim that plaintiff has filed duplicative groundless lawsuits in state and federal courts. Plaintiff responds that the lawsuits involved different parties, causes of action, or modes of recovery, or were brought on behalf of different "Steadfast Parties." While these lawsuits may have burdened the courts and the movants, this burden must be weighed against plaintiff's underlying right to pursue litigation to recover the millions of dollars in damages it believes it is owed. In weighing the comparative rights of plaintiff to seek recovery and of movants not to be harassed by over-zealous litigation, the Court finds the results are close, but not clearly indicative of a need for judicial intrusion – *at this time*.

The Court is further of the opinion that a pre-filing injunction as to future federal lawsuits is not necessary at this time, as alternative sanctions for any vexatious filings by plaintiff are available and would be adequate to protect the rights of the movants. Plaintiff's claims raised in the instant lawsuit against the movants have been dismissed with prejudice,

and cannot in good faith be raised in a subsequent lawsuit. It is further clear to the Court that, at this point in time, limitations may have largely expired on the causes of action plaintiff brought against the movants in this lawsuit. Any further attempts by plaintiff to re-assert these claims against the movants in a subsequent federal lawsuit would expose plaintiff and plaintiff's counsel to a risk of sanctions.

For these and related reasons, the Pre-Filing Injunction Motions (Docket Entries No. 31, 32, 33, 43) are **DENIED WITHOUT PREJUDICE**.

B.    Sanctions

Movant Lloyd E. Kelley filed a 111-page motion for sanctions (Docket Entry No. 74), setting forth a voluminous litany of instances purportedly showing sanctionable actions by counsel for plaintiff and plaintiff's representatives. These instances include matters within the record (such as factual disputes and disagreements over litigation tactics), in addition to matters well outside the record (such as factual disputes and disagreements arising from private events). Movant asks for monetary sanctions and dismissal of this lawsuit. As plaintiff's claims against the defendants in this case were dismissed with prejudice on April 12, 2024, movant's motion essentially seeks monetary sanctions.

The Court has carefully reviewed the numerous incidents made the basis of movant's motion, and finds that the parties' long-standing and acrimonious disputes and disagreements form no basis for imposition of sanctions – *at this time*. The parties in this lawsuit, and a number of the attorneys of record, have an extensive and bitter history of filing serial

lawsuits, countersuits, appeals, and other court proceedings against one another arising from or related to the failed 2017 real estate transaction. The parties all profess innocence and claim they are the victims of a multitude of unlawful actions taken by the other parties over the years. The trail of lawsuits and appeals runs wide through multiple state and federal courts. With some exceptions, the parties' pleadings in this lawsuit have been rife with unprofessional animosity, and have taxed this Court's patience with their prolixity, sheer volume, and failures to address salient issues or follow basic procedural rules. In too many instances, the parties and counsel have resorted to inexcusable name-calling and personal insults. Again, with some exceptions, the parties and counsel have exhibited behavior unbefitting litigants and attorneys appearing before the courts. To sanction only a select few when the behavior has been so pervasive would be an injustice.

The motion for sanctions (Docket Entry No. 74) is **DENIED**.

Movant Donald Huebner filed a motion for sanctions predicated on the purportedly meritless claims brought against him by plaintiff and its counsel. (Docket Entry No. 103.) Movant Huebner also lists numerous instances of alleged sanctionable actions taken by plaintiff, its counsel, and its representatives. Plaintiff withdrew and dismissed its claims against Huebner, pursuant to the Court's order providing the parties an opportunity to withdraw or dismiss their claims without consideration or imposition of sanctions. Further, the alleged sanctionable incidents cited by movant Huebner encompass actions taken by

plaintiff and its counsel and representatives against parties other than Huebner, and provide no basis for an award of sanctions in favor of movant Huebner.

The motion for sanctions (Docket Entry No. 103) is **DENIED**.

C.    Motions to Show Cause

Movants filed an amended motion (Docket Entry No. 516, filed October 3, 2024) and supplemental motion (Docket Entry No. 542, filed February 24, 2025) for a show cause hearing, dismissal of the pending lawsuit in C.A. No. H-24-0404 (S.D. Tex.), and to "refer the matter to the United States Attorney for investigation." The amended motion seeks monetary sanctions and other relief against plaintiff, its counsel, and its representatives for actions and alleged perjury that occurred throughout 2023 and for the lawsuit pending in C.A. No. H-24-0404. Various responses and replies have been filed.

The deadline for filing all dispositive and non-dispositive motions in this case expired on May 26, 2023. (Docket Entry No. 127.) Movants did not seek leave of court to file the amended motion, nor do they demonstrate justification for pursuing this motion as to events that occurred in 2023. This delay is particularly unjustified in light of the Court's dismissal orders of April 12, 2024, that dismissed or held as withdrawn the parties' respective claims, counterclaims, and crossclaims. Moreover, the supplemental motion was not filed in compliance with Rule 15(d).

All substantive causes of action by and against the parties to this lawsuit have been withdrawn and/or dismissed as of April 12, 2024, and the Court will not permit the filing of

9

any additional non-dispositive motions that will prolong this case or delay entry of a final judgment. Movants have recourse through other state and federal litigation pending between and among the relevant parties. To the extent movants are asking the Court to dismiss with prejudice C.A. No. H-24-0404, such relief must be pursued within that lawsuit to the extent appropriate. Indeed, it appears the movants have cross-filed the instant motions in that lawsuit.

The amended and supplemental motions to show cause (Docket Entries No. 516, 542) are **ORDERED STRICKEN FROM THE RECORD**.

### III.    CONCLUSION

The Court **ORDERS** as follows:

1.    The order to stay (Docket Entry No. 174) as to Docket Entries No. 31, 32, 33, 43, 74, and 103 is **ORDERED LIFTED**.

2.    The motions (Docket Entries No. 31, 32, 33, 43, 74, 103) are **DENIED WITHOUT PREJUDICE**.

3.    The amended and supplemental motions to show cause (Docket Entries No. 516, 542) are **STRICKEN FROM THE RECORD**.

4.    This is an **INTERLOCUTORY ORDER**.

Signed at Houston, Texas, on this the _12_ day of March, 2025.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE